IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

LOUIS WRITT III                          §

v.                                       §           CIVIL ACTION NO. 6:26cv173

DIRECTOR, TDCJ-CID                        §

ORDER

The Petitioner Louis Writt III filed this application for the writ of habeas corpus challenging his 2012 convictions for sexual assault of a child and indecency with a child by contact. He did not take a direct appeal, but sought state habeas corpus relief in 2014. His state habeas petitions were denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing on July 16, 2014. *In re Writt*, slip op. no's WR-81,427-01 and -02. *See* https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c.

In January of 2026, Petitioner again sought state habeas corpus relief. These petitions were dismissed as successive under Tex. Code Crim. Pro. Art. 11.07, section 4. *In re Writt*, slip op. no.'s 81,427-03 and -04. He signed his federal habeas corpus petition on April 8, 2026.

28 U.S.C. §2244(d) sets out a one-year limitations period in which petitioners may seek federal habeas corpus relief. This period begins to run from the latest of: (1) the date on which the petitioner's conviction became final; (2) the date on which a impediment to filing the federal petition, created by state action in violation of the Constitution or laws of the United States was removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was recognized by the Supreme Court, if this right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claims presented could have been discovered

through the exercise of due diligence.  The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the limitations period.

Petitioner's convictions became final when his time for taking an appeal expired, 30 days after the convictions were entered.  *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003).  The judgments were entered on March 5, 2012, and Petitioner did not appeal, meaning his convictions became final on Wednesday, April 4, 2012.  His limitations period began to run at that time and expired one year later, on Thursday, April 4, 2013.  He did not file his first state habeas petitions until April 11, 2014, over a year after the federal limitations period had expired. *See* https://portal-txgregg.tylertech.cloud/OdysseyPA/Search.aspx?ID=300. The Fifth Circuit has held that a state habeas application filed after the limitations period has expired does not revive any portion of that period.  *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999).  Thus, Petitioner's federal habeas petition appears to be barred on its face by the statute of limitations.

The U.S. Supreme Court has held that before acting on its own initiative to dismiss a petition as untimely, a district court must accord the petitioner fair notice and an opportunity to respond to the question of the timeliness of his application.  *Day v. McDonough*, 547 U.S. 198, 210 (2006); *Galindo v. Quarterman*, 331 F.App'x 291 at *1 (5th Cir. 2009).  It is accordingly

**ORDERED** that the Petitioner Louis Writt III shall have thirty days from the date of receipt of this order in which to respond to the issue of whether his petition should be dismissed as time-barred.  Petitioner is placed on notice that his petition may be dismissed for failure to prosecute or as barred by the statute of limitations if he fails to respond to this order.

So ORDERED and SIGNED this 20th day of April, 2026.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

2